In the Matter of the Application of the MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired, to the Lands, Tenements and Hereditaments Required for the Purpose of Opening Leggett Avenue (Although Not yet Named by Proper Authority) from Prospect Avenue to Randall Avenue as the Same Has Been Heretofore Laid Out and Designated as a First Class Street or Road in the Twenty-third Ward of the City of New York.

THE CITY OF NEW YORK, Appellant, v. RAFAEL R. GOVIN, Respondent.

*Creation of an easement for street purposes in a piece of land, by selling lots bounded thereon — it presents a question of intent — when lots sold by lot numbers include the street, and the purchasers acquire an absolute title thereto.*

A grantor may, by selling lots and describing them as bounded on a street running through his own land, create an easement in the land called a street in favor of his grantees without dedicating it to the public use, and, although the fee of the land included in such street remains in the grantor, it will be incumbered by the easement.

In such a case the question whether there is such a grant of an easement, either express or implied, depends entirely upon the intent of the parties to the grant, and, for the purpose of ascertaining such intention, the court will take into consideration the words of the grant, as well as all of the facts and circumstances attending the transaction, the situation of the parties and the condition of the thing granted.

In an action brought to partition a tract of land located in a city, the referee to sell made a map of the tract, subdividing it into 123 lots and showing a certain proposed street.

The lots as laid out on the map were not bounded by the proposed street, but included all of the land within such street. On the back of the map was a statement that the street in question was only a proposed street. The lots were sold at public auction by the numbers indicated upon the map, and the deeds thereof, which were delivered after the fee of the proposed street had actually vested in the city, contained a clause providing that the sale was made subject to proceedings which might be pending for the opening of the streets indicated on the map.

*Held,* that the purchasers of the lots acquired an absolute title to the land within the proposed street, and not simply an easement therein.

Appeal by The City of New York from that part of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of July, 1901, denying a motion to confirm the report of commissioners of estimate and assessment in the above-mentioned street opening proceeding as to " Damage Map No. 10 " and returning the report to the commissioners for reconsideration.

*John P. Dunn,* for the appellant.

*William H. Blymyer,* for the respondent.

McLaughlin, J.:

On or prior to January, 1894, the city of New York made and filed in the office of the register of the city a map upon which appeared certain proposed streets, among others Leggett avenue, and in 1896 it instituted this proceeding to, and on the 1st day of July, 1897, did, acquire the land necessary to lay out such avenue. A portion of the land taken for this purpose is designated in the record as " Damage Map No. 10," and in the preliminary report of the commissioners an award of $2,600 was made to unknown owners. Thereafter Edward K. Jones and the respondent, Rafael R. Govin, appeared in the proceeding and objected to the report

upon the ground that they were the owners and that the damages awarded were insufficient. Evidence was subsequently offered which satisfied the commissioners that the respondent — he having in the meantime purchased the interest of Jones — was the owner, and an award was made to him of $3,787, which was the full fee value, but this was finally reduced to $250, upon the ground that he was entitled to substantial damages inasmuch as the land taken was burdened with an easement of passage and repassage. The court at Special Term refused to confirm the report — a motion having been made therefor — but instead sent the matter back to the commissioners for reconsideration, upon the ground, as appears from the opinion of the justice sitting at Special Term, that "substantial damages as the facts warrant" had not been allowed, and it is from this order that the present appeal is taken.

It appears that the land taken was originally a part of a large tract formerly owned by one Casanova. After Casanova's death, in an action of partition, the whole tract was sold in two parcels. This sale, however, was set aside and then the tract was subdivided into 123 lots and a map was made thereof, upon which appeared certain streets and other proposed streets, among which was Leggett avenue. On the 2d of June, 1897, these lots were sold at public auction by numbers and as indicated upon the map made by the referee, and deeds were delivered to the purchasers on the second of July following. The parcel here in dispute is made up of a part of six lots, four on one side of Leggett avenue and two on the other, all owned by the respondent.

The question presented is whether the respondent or his grantor had the absolute title to the land when the city acquired title thereto. If they did, then the order is right and should be affirmed; otherwise, it should be reversed, a substantial award having been made by the commissioners.

It is well settled that "without making such a dedication to the public, a grantor may, by selling lots and describing them as bounded on a street running through his own land, create an easement in the land called a street in favor of his own grantees, and that although the fee of such land remains in him, it is incumbered by that easement." (*Matter of Eleventh Avenue*, 81 N. Y. 447.) But it is equally well settled that whether there is such a grant of an ease-

ment, either express or implied, depends entirely upon the intent of the parties to the grant, and for the purpose of ascertaining what that intent was the court will take into consideration the words of the grant as well as all of the facts and circumstances attending the transaction, the situation of the parties and the condition of the thing granted. (*Matter of One Hundred & Sixteenth Street,* 1 App. Div. 436.)

Applying this rule to the facts here presented, we think it is clear that the referee did not intend to sell, nor the respondent and his grantor to purchase, the lots in question subject to any easement whatever; on the contrary, it was the intent of both parties that the entire fee should pass to the purchaser. This intent is indicated not only by the boundaries of the lots, which included all of the land within the proposed street — some of them extending nearly across, others taking but a very small portion, and the greater part of one being in the street — but also by the clause inserted in the deed of conveyance to the effect that the sale was made subject to proceedings which might be pending for the opening of streets and avenues as indicated on the map. This clause evidently had reference to the proceedings which had already been taken by the city for the purpose of acquiring the title to a portion of these lots, and which it did, in fact, acquire after the lots were sold, and one day before the deed was actually delivered. It is also indicated by the fact that on the back of the map was a statement that Leggett avenue was only a *proposed* street.

Upon these facts we think the Special Term was right in refusing to confirm the referee's report and sending the matter back to the commissioners for further consideration.

The order is right and must be affirmed, with ten dollars costs and disbursements.

O'Brien, Ingraham and Hatch, JJ., concurred; Van Brunt, P. J., dissented.

Ingraham, J. (concurring):

I concur with Mr. Justice McLaughlin. The sale in partition which it is claimed subjected the property in question to an easement, was made, and the conveyance under such sale was delivered, after the commencement of these proceedings to acquire the fee of

Leggett avenue for a public street.  The deed upon that sale was delivered after the fee had actually vested in the city by a resolution of the board of street opening and improvement.  Leggett avenue had been indicated on the map of this part of the city as an avenue which had been laid out by the public authorities.  An easement to which the fee of that street would be subject would be acquired upon the owners of property abutting upon the street executing a deed conveying property bounding it by the proposed street or avenue. When, however, the proceeding to acquire the title to Leggett avenue was commenced, the fee of Leggett avenue was free from any easement, and none was created until after the city had acquired the fee.  The city certainly was bound to pay for the property in the condition it was in at the time it took the fee, and no subsequent act of the parties could create an easement in the property that had then been acquired by the city which would affect the right of the owners of the property to its fair value at the time it was taken.

Order affirmed, with ten dollars costs and disbursements.