### ALEXANDER SMITH & SONS CARPET CO. v. BALL.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. EASEMENTS (§ 44*)—RIGHT OF WAY—DEEDS—CONSTRUCTION.

   The extent of a right of way granted by deed is determined by the deed read as a whole, in the light of the conditions surrounding its making, and construed subject to the rules governing the construction of contracts and statutes.

   [Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 98–100; Dec. Dig. § 44.*]

2. EASEMENTS (§ 54*)—RIGHT OF WAY—GRANTS—MODE OF USE—ALTERATION.

   A grantor conveyed to a grantee a parcel, together with a right of way over a strip adjacent thereto, subject to other rights of way over the strip, and to a right of way therein to the grantor and his assigns, all rights of way to be used in common. Subsequently the grantor conveyed to a third person a parcel on the opposite side of the strip, with a right of way over the strip, being the strip over which a right of way was granted to the grantee having a right of way, and the right of way to be enjoyed in common with all other owners of like rights of way. Held, that the third person had notice of the rights of the grantee as then existing, and the third person could not make changes in the right of way, so as to interfere with the grantee's rights.

   [Ed. Note.—For other cases, see Easements, Cent. Dig. § 120; Dec. Dig. § 54.*]

3. EASEMENTS (§ 16*)—CONSTRUCTION—RIGHTS ACQUIRED.

   Where an owner of two tenements conveys one, or an owner of an entire estate conveys a part, the purchaser at common law takes the tenement or portion sold with all the benefits and burdens which appear at the time of the sale to belong to it, as between it and the property which the vendor retains.

   [Ed. Note.—For other cases, see Easements, Cent. Dig. § 43; Dec. Dig. § 16.*]

4. EASEMENTS (§ 61*)—RIGHT OF WAY—INTERFERENCE—REMEDY—DEFENSES.

   That a grantee of common grantor, conveying different parcels with a common right of way over a strip adjacent to the parcels, materially changed the conditions in the way, does not give another grantee the right to fill up the right of way to the former grantee's side door; but the latter may compel the former to restore the way to its original condition.

   [Ed. Note.—For other cases, see Easements, Cent. Dig. § 132; Dec. Dig. § 61.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. EASEMENTS (§ 61*)—OBSTRUCTIONS—REMEDY—PARTIES.

> Where a common grantor conveys different parcels to different grantees, with a common right of way over an adjacent strip, every grantee abutting on the strip has an easement therein, and has the right to have it preserved in its original condition; and the court may not permit one grantee to make changes in the way, unless all the abutting owners are parties.

> [Ed. Note.—For other cases, see Easements, Cent. Dig. § 139; Dec. Dig. § 61.*]

Appeal from Special Term, Westchester County.

Action by the Alexander Smith & Sons Carpet Company against Bertram Ball. From a judgment for plaintiff, perpetually restraining defendant from depositing earth or other materials on a strip of land, defendant appeals. Affirmed.

Argued before JENKS, P. J., and BURR, CARR, WOODWARD, and RICH, JJ.

James M. Hunt, for appellant.

George E. Blackwell (William W. Scrugham, on the brief), for respondent.

WOODWARD, J. This case was before this court on appeal from an order continuing an injunction pendente lite (137 App. Div. 100, 122 N. Y. Supp. 187), at which time it was suggested that the trial might develop other facts than those presented by the affidavits, and it is evident from a reading of the record that this has been the result. There is practically no dispute as to the facts as the record now stands, if we may except the matter of the grade of the incline reaching down to the plaintiff's lower door in the "old stone mill," as it is known in the case, and on this point the evidence merely indicates that there has been some little change, the details of which are not pointed out, and which seem to have no real bearing upon the merits. The record as it now stands shows that on the 30th day of April, 1903, the plaintiff purchased from John B. Copcutt, as executor and trustee, and others, certain premises in the city of Yonkers, located upon a private right of way leading from Elm street. The purchase made by the plaintiff embraced the "old stone mill," which appears to have been erected upon the property some time in 1852, and the frontage of this purchase made by the plaintiff upon this private right of way was 462 feet and 6 inches long; the "old stone mill" being located directly upon this right of way. The deed of conveyance, after describing the premises, continues:

> "Together with a right of way over the strip of land 66 feet wide lying easterly of and adjacent to the land above described, subject to the sewer easement therein of the city of Yonkers, and to other rights of way over the same strip of land, and to a right of way therein to the parties of the first part and their assigns, all such rights of way to be used in common."

A subsequent purchase from the same parties, which helped to make up the frontage of 462 feet and 6 inches, was made in 1906, and this was on the same terms and conditions in so far as it affected the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

right of way. In this same year the defendant purchased property bounded on this same right of way, on the opposite side from the premises of the plaintiff, the frontage being 1,040 feet. Later the defendant sold a portion of the premises to an electric lighting corporation, and at the time this controversy began, the defendant was the owner of something over 923 feet of the frontage. The stone mill, now a part of a large carpet manufacturing plant, was constructed in a ravine. It is three stories high; the lower floor being below the general level of the right of way, but on an even grade with a portion of the same. In 1866 the city of Yonkers constructed a bridge in such a manner as to cut off access to the stone mill on the northerly side, and it was then that the right of way southerly of the stone mill came into use. At the point where the right of way joins Elm street, it appears to be comparatively level. A little distance away it divides; one side dropping to the level of the lower door of the stone mill, while the other side slopes gradually up toward the north. Taking our stand at the bottom of the ravine, in front of the lower door of the stone mill, to get a team out, we would start in a northerly direction up an incline. At a distance of 150 feet or more to the north, we would reach the level of the easterly portion of the way, and then, turning directly south, we would reach Elm street by way of the upper slope, which latter passes immediately adjacent the premises of the electric lighting plant and the premises of the defendant.

At the beginning of this controversy, as it manifests in this action, the defendant had asserted the right to fill in the lower portion of this right of way, excluding the plaintiff from the lower level of the stone mill, which is the loading point of the factory in sending out its product. The defendant had actually let a contract, and the work was under way when the present action was brought, and an order issued restraining the defendant from prosecuting the work. The defendant has been unsuccessful so far in convincing the court that he has a right to fill up this right of way to the exclusion of the plaintiff from its shipping facilities, and now appeals to this court.

The defendant urges on this appeal that "the defendant, as a grantee of a right of way over this strip of land 66 feet wide, has a legal right to fill in any ravine existing in the right of way and to supply any deficiencies, in order to constitute a good road over that right of way throughout its entire length and breadth," and cites Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800, in support of this contention. We are of the opinion, however, that the case does not support the defendant's contention. In that case the plaintiff purchased a right of way across the farm of the defendant for the purpose of reaching his country home. The object of the purchase for a carriageway was known to the defendant. The construction of the carriageway was attended with expense, and the defendant had asserted a right to make use of this private carriageway for the purpose of carrying heavy loads, cutting and destroying the same, and requiring expensive repairs to make it fit for the very purpose for which the plaintiff had purchased the same. In discussing this situation the court say:

"The grantee thus acquired the right to enter upon the land and construct such a roadbed as he desired and to keep the same in repair. He could break up the soil, level irregularities, fill up depressions, blast rocks, and not only remove impediments, but supply deficiencies, in order to constitute a good road. He had a right to exclude strangers from its use, and to restrict such use of it by the owner of the servient tenement as was inconsistent with the enjoyment of his easement."

This was obviously the law in relation to the facts there present. The plaintiff had purchased a right of way for the very purpose of making a private carriageway, and he had a right to do all things necessary to make his purchase available for that purpose; but that lacks much of holding that one who has been granted a right of way over a particular piece of land, to be used in common with others, has the right to fill in the premises, so that he shall have a good road over the entire premises, to the exclusion of like rights in one who is equally entitled to the use of the right of way. The court in the very case relied upon by the defendant clearly points out the proper limitation. It says:

"In considering the extent of the rights of the respective parties in the grant of a right of way, it is not proper to refer to, the parol negotiations which preceded its execution or the colloquium accompanying it; * * * but we are to regard the language of the grant, and, when that is uncertain or ambiguous, the circumstances surrounding it, and the situation of the parties with a view of arriving at the true intent of the parties, as was said in Bakeman v. Talbot, 31 N. Y. 370 [88 Am. Dec. 275]: 'The doctrine that the facilities for passage, where a private right of way exists, are to be regulated by the nature of the case and the circumstances of the time and place, is very well settled by authority.' "

It is perfectly good law, no doubt, that, where a grant of a right of way is made by deed, the extent of the right is to be determined, not by user, but by the terms of the grant. But the terms of the grant are to be determined by the ordinary rules governing the construction of contracts and statutes. We are to read the whole contract, in the light of the conditions surrounding its making, and when we find a common grantor conveying premises to different persons, and granting a right of way to each of the grantees in the same terms, and declaring that the right of way is to be used in common by the grantor and the grantees, and the assigns of the grantors, it must, in fairness, be understood that the grant is made with reference to conditions then existing, and that it is not intended to convey to one of the grantees the right to make valueless the right which has been granted another. There is nothing in this grant to indicate an intention of making this strip of land, 66 feet in width, a roadway. The language of the grant to the defendant is:

"Also a right of way from the northwesterly corner of the land last above described southerly to Elm street over a strip of land 66 feet wide and located along and immediately westerly of the two parcels of land above described and hereby conveyed, and also extending southerly to Elm street along the easterly side of land conveyed to Alexander Smith & Sons Carpet Company. Said strip of land over which a right of way is granted is the same over which said Smith Company now have a right of way, and said right of way to be enjoyed in common with all other owners of like rights of way and subject to sewer easement owned by the city of Yonkers."

127 N.Y.S.—62

Here was notice to the grantee, the defendant, of the rights of the plaintiff then existing, and those rights were unquestionably the rights as they then existed, and such as were open and apparent to the defendant. The case is thus brought within the rule of the common law that:

"Where the owner of two tenements sells one of them, or the owner of an entire estate sells a portion, the purchaser takes the tenement, or portion sold, with all the benefits and burdens which appear, at the time of the sale, to belong to it, as between it and the property which the vendor retains. * * * This is not a rule for the benefit of purchasers only, but is entirely reciprocal. Hence, if, instead of a benefit conferred, a burden has been imposed upon the portion sold, the purchaser, provided the marks of this burden are open and visible, takes the property with the servitude upon it. The parties are presumed to contract in reference to the condition of the property at the time of the sale, and neither has a right, by altering arrangements then openly existing, to change materially the relative value of the respective parts." Lampman v. Milks, 21 N. Y. 505; Fritz v. Tompkins, 168 N. Y. 524, 532, 61 N. E. 893.

That is, the rights of the plaintiff became fixed in 1903. The terms of the grant are to be construed in the light of the condition of the property granted, with the right of way, as it existed at the time the transfer was made. The moment the plaintiff took its deed, that moment the grantors divested themselves of the right to make any changes in the right of way granted to the detriment of the plaintiff without its consent. Cunningham v. Fitzgerald, 138 N. Y. 165, 33 N. E. 840, 20 L. R. A. 244. The grantors having thus parted with the right to make changes in the right of way by the deed to the plaintiff in 1903, they could not have granted to the defendant a right to make such changes in their deed in 1906. The defendant took only such rights in the strip of land 66 feet wide as the original grantors had, and this was the right to make use of a right of way over this strip as it then existed in common with the plaintiff and other owners abutting upon the right of way. It was not a right of way for a highway. No one ever pretended to make a grant of a right of way for street purposes, but a grant of a right of way in connection with abutting premises, and for the convenience of such premises only, to be used in common by the grantees of the original grantor. That is the true construction of the grant to the defendant. It is a right to use this strip of land as it existed at the time of the conveyance, and there can be no reasonable doubt that the strip of land as it now is is substantially in the condition in which it was at the time the rights of both the plaintiff and the defendant became fixed.

Assuming, however, for the sake of the argument, that the contention of the defendant is sustained, and that the plaintiff has materially changed the condition, this does not give the defendant the right to fill up the right of way to the plaintiff's side door. The defendant, under a proper complaint or counterclaim, might have a right to compel the plaintiff to restore the condition which had been disturbed by the plaintiff's act; but the mere fact of a wrong on the part of the plaintiff does not justify another wrong on the part of the defendant. Moreover, every one of the abutting owners who has an easement in the 66-foot strip has a right to have the right of way preserved in its

original condition, and no court would be justified in holding with the defendant in this case, unless all of the parties were brought in and heard upon the question. There may be many who are interested in having the conditions remain just as they are, and this is a property right which cannot be invaded without giving them a day in court. Cunningham v. Fitzgerald, supra.

The judgment appealed from should be affirmed, with costs. All concur.