THOMAS BARCA et al., Appellants, v. JAMES FERGUSON et al., Respondents, et al., Defendants.— In an action for a mandatory injunction to compel respondents to remove a portion of a building allegedly encroaching on an easement or right of way, and for other relief, the trial court dismissed the complaint insofar as it sought the mandatory injunction but enjoined respondents from using the right of way as a parking place for vehicles, except during loading or unloading operations. Plaintiffs appeal from the judgment insofar as said judgment dismissed that part of the complaint which prayed for a mandatory injunction and failed to award them costs, and from the findings and from the refusal to make additional findings. Judgment, insofar as appealed from, affirmed, with costs. Appeal from findings and from refusals to find dismissed, without costs. A mandatory direction to remove part of respondents' building

was properly refused. The deed to appellants from the Garrisons indicates that "any" right of way which had been granted to the Garrisons by respondents was only such as was exercisable in view of the actual condition of the five-foot strip at the rear of respondents' lot. It was that right "if any" which the Garrisons granted to appellants. The position of part of the building on the five-foot strip was one of the facts which a survey would have revealed at the time appellants took the deed from the Garrisons. Nolan, P. J., Wenzel, MacCrate and Beldock, JJ., concur; Adel, J., concurs in result, with the following memorandum: The appellants obtained from their grantors an absolute right to use the five-foot strip of respondents' property. The "survey and marketability" clause contained in the deed to appellants determines the rights as between appellants and their grantors but does not authorize respondents to violate the easement which burdens their property. While it should be held that appellants' legal rights are violated by the encroachment, the fact that the encroachment existed at the time appellants received their title, that they knew of the encroachment or had it within their power to find it, either by inspection or survey, plus the additional fact that removal of the encroachment would not of itself solve appellants' problem, are all reasons why equity should not at this time require the removal of the encroachment.