Frank A. Gulotta, J.
In this action by a school district for an injunction, it seeks to restrain the defendants from interfering with its right to use a private right of way, which in part traverses defendants’ land.
The parties are adjacent land owners in the Village of Lattingtown, the plaintiff’s property, hereinafter called the Main Parcel, consisting of slightly less than 12 acres on which is situated a large mansion known as “ The Gables ”. This has been converted recently to use as a public school.
The defendants’ property, which we will hereafter call the Cottage Parcel, is approximately 2 acres in size and is used by them as a private residence.
Both parcels trace their title to a common owner, one H. Lansing Carey, who on November 12, 1953, conveyed the Main Parcel to Carl Merz, the plaintiff’s predecessor in title. At the same time an agreement for certain easements and restrictive covenants was made between them and recorded. This agreement is annexed to the complaint as ‘ ‘ Ex. A ’ ’ and the map referred to in it, dated October 13,1953, is annexed as “ Ex. B ”. The easement with which the defendants are charged with interfering, is created by this agreement.
It is conceded that this easement consisting of a private road 40 feet in width letting off Horse Hollow Road, the nearest public street, traverses the plaintiff’s parcel for some 420 feet in a winding fashion, where it then lets into a 16-foot-wide right of way on defendants’ property and runs for another 230 feet, before it again re-enters a driveway in front of the mansion. *370 Thórti is also a Separate service road Which extends directly from the 40-foot right of way to the rear of the mansion, but this is entirely on plaintiff’s property and hence is not included in the agreement. Three months after the conveyance to Merz, the defendants acquired title to the Cottage Parcel from Lansing and ón May 22,1959 plaintiff bought the Main Parcel from Merz.
The dispute here centers on the plaintiff’s insistence that it has the right to use the 16=fooLwide right of way on defendant’s property for unrestricted School purposes, contrasted with the defendant’s position that it Cari be used Only for such purposes as' would be incident to use of ‘1 The dables ’ ’ as a private dwelling.
The exact phrasing of the agreement in this respect is: u 2. The party of the first part (Carey) does hereby remise, release and forever quitclaim unto the party of the second part (Merz) and his successors in title to the Main Parcel the right, jointly with the party of the first part and his successors in title to the Cottage Parcel, to use the portion of the Private Road (40 feet in width) and the existing right of way (approximately 16 feet in width) located- on the Cottage Parcel and shown on the Map, Exhibit A, for all ordinary purposes of ingress and egress between Horse Hollow Road and the Main Parcel.”
A motion, by the plaintiff for an injunction pendente lite was denied in a memorandum which cited Wilson v. Ford (148 App. Div, 307) and quoted the following language: “ The nature of the easement must be determined solely by the agreement creating it read in. the light of surrounding circumstances where necessary to illumine intent. The correct construction of this agreement, as of any other contract, is that which will give effect to the intention- of the parties at the time the agreement was entered into ” (p, 315),
It is argued now at the outset, that this court is not justified in accepting this as a correct statement of law, since the court at Special Term overlooked the reversal of this case (209 N. Y 186).
While it is true that this ease was reversed as indicated, I do not regard the decision by the Court of Appeals as having in any wise disapproved of the principle enunciated in the above quotation, which incidentally is taken from the Referee’s opinion since the Appellate Division affirmance was without opinion.
In fact the Court of Appeals adopts the same rule of construction in almost identical language at page 196: “ It is a well-established principle of law that an easement in gross will not be presumed where it can fairly be construed to be appurtenant to land. Having in mind this rule of law we pass to a consideration of the conveyance of Mr. Ford to Kissam and others in 1879, *371 which must be construed as to give effect to the intent of the parties manifested by the language used, subject to the further rule that when the language used is susceptible of more than one interpretation the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject-matter of the instrument.”
It is apparent that the reversal was ordered on the ground that the Referee had erroneously construed the easement in favor of Lot 3 over Lot 5 to be an easement in gross, personal to Ford, whereas it was actually an easement appurtenant to land and inured to the benefit of Ford’s heirs as well. At the time of the creation of the easement (1864), Lot 3 was in residential use. The court expressly left open for the new trial which was ordered, determination of the question whether the privileges of the easement could be extended to a business building in 1913.
Thus I think that in the present case, we are justified in examining the whole instrument which created the easement, as well as the circumstances which surrounded its making, to ascertain what the parties intended by the phraseology they employed.
The aforesaid agreement of November 12, 1953 created easements for utility lines and for sewage and cesspool lines as well as the road easement and in paragraph 4 we find these rights restricted so as not to ‘‘ interfere with the use of the Main Parcel as a private dwelling ’ ’, indicating that the parties had a private use in mind.
It is not disputed that until the plaintiff’s conversion of “ The Gables” to a school, both parcels had always been used for private purposes.
No provision is made for expenses for the upkeep and maintenance of these two sectors of the private road and this is understandable so long as we impute an intent to keep it private, since the cost would be relatively inconsequential, but it is not understandable, if we construe this grant to permit the daily passage over this 16-foot driveway of large bus loads of children, together with the scores of private automobiles customarily found at a public school. The cost of maintaining or even rebuilding this road to stand such traffic could be prohibitive, not to mention exposure to legal liability for failure to maintain the road properly.
The plaintiff recognizing the unreasonableness of such a burden and the violence it does to any supposed intention of the parties at the time of the grant, suggests that the court can adjust these matters in its decree, perhaps by keeping the buses on the public road where they now discharge the children. This *372 would suggest that the claimed right does not really exist, because if it did, the court would have no power to exclude the buses.
In this court’s view, what is proposed would not be an adaptation of a remedy to fit a right, but the rewriting of an agreement to enlarge the right.
The words used must have been intended to restrict the easement in some fashion, or there was no reason to use a qualifying adjective at all. If ingress and egress for all purposes, even the extraordinary purposes contended for here, was intended why would the word “ ordinary ” have been used?
• It is apparent from a perusal of the map, that there are several alternatives open to the plaintiff, in addition to the obvious one of condemning the defendants’ property for public use, if that is the use that plaintiff insists on putting it to, for example, there appears to be ample room to by-pass the small segment of driveway on defendants’ property.
Therefore, plaintiff is not entitled to the relief it seeks, but defendants do not have the right to maintain an absolute barrier across the road, since that denies all use of the easement. The maintenance of the rope barrier will be enjoined, but the plaintiff will also be enjoined from using the right of way on defendants’ property for any greater use than would be the case if plaintiff’s premises were being used for private dwelling purposes.
This decision contains the essential facts found in accordance - with section 440 of the Civil Practice Act.
Settle judgment on notice, without costs.