James H. O’Connor, J.
The plaintiffs brought an action against the defendant seeking an injunction to enjoin him from entering certain lands owned by them in the Town of Sandy Creek, County of Oswego and State of New York. The plaintiffs further seek an injunction which would enjoin the defendant from damaging or interfering with any trees, shrubbery or other growth upon the plaintiffs’ property. The defendant denies the allegation in the plaintiffs’ complaint and sets forth a counterclaim. This counterclaim seeks an injunction against the plaintiffs enjoining them from blocking a certain alleged right of way through and over the plaintiffs’ property.
A trial of the issues was had before this court without a jury on February 23, 1966. The evidence adduced at the trial was substantially as follows. On June 17, 1953, the plaintiffs purchased Lots 41, 42, 43, 44 and 45 of the so-called Bartlett Tract, according to a map filed in the Oswego County Clerk’s office August 27, 1923. They also purchased additional property in the vicinity of the enumerated lots. The grantor was Ester D. Albro. The deed contained the following clause:
“ There is also sold, granted and conveyed to the Parties of the Second Part, their heirs and assigns forever, a right of way along and over the private highway extending from the public highway to and along the shore of South Pond as shown on said map, said private highway being dedicated for highway purposes for all owners and occupants of any portion of the Bartlett tract.
“It is also understood and agreed that the Parties of the Second Part hereby reserves and grants unto Party of the First Part and to the owner or owners and occupants of the Ostrander Hunting Grounds lying southerly from the south line of lot number 45 being a small point of land a right of way over said lots for pedestrian travel only. ’ ’
On June 19, 1953 the plaintiffs acquired Lots 39 and 40 of the so-called Batlett Tract, which lots were contiguous to the lots acquired in the June 17, 1953 deed. In this deed as well additional lands to the north of said lots were also acquired by the plaintiffs. The June 19, 1953 deed contained the following clause: ‘ ‘ There is also granted parties of the second part, their heirs and assigns the right and privilege of using the roadway extending along the South Pond Shore to the public highway.”
To the south of the plaintiffs’ lots there was a small peninsula of land which juts into South Pond. This property was conveyed to the defendant herein by deed dated December 2, 1950. The "defendant’s deed contained the following clause: “ There *1032 is also sold, granted and conveyed to the party of the second part, his distributees and assigns forever, a right of way along and over the private highway extending from the public highway to and along the shore of South Pond as shown on map, said private highway being dedicated for highway purposes for all owners and occupants of any portion of the Bartlett Tract.”
The defendant commenced to use his property for hunting-purposes and had erected upon the property a duck blind, In order to get to his property, the defendant made use of the easement described in his deed. This easement or right of way extended across the plaintiffs’ property in the form of a driveway for approximately 120 feet and stopped at a garage which was erected at that point. The right of way then proceeded at approximately right angles to the right or southeast behind the plaintiffs’ garage through and around numerous trees, shrubs and bushes. From the point of the garage the right of way was undeveloped and existed in essence merely on paper. To get to his property the defendant had, from time to time, traversed the right of way on foot or by jeep. To do so by jeep it was necessary for the defendant to zigzag in and around the trees and shrubs, so that in effect he was not within the right of way. Plaintiff, Eugene Anthony, testified that he had no actual notice of the right of way when he bought the property although it was set forth in his deeds. He made certain improvements to his lands which totalled some $24,000. Approximately two years after the plaintiffs purchased the property, they became aware of the defendant’s assertion of his claim to the right of way. In fact, the plaintiffs had erected a fence with a gate across the driveway at the entrance to their property. When the plaintiffs discovered the defendant’s claim they gave him the combination to the gate’s lock. By this time, they had planted certain trees and shrubs across the breadth of the right of way. There was further testimony from both the plaintiff, Eugene Anthony, and the defendant that it would be impossible to traverse the right of way in its present condition, without trespassing upon the plaintiffs’ property. A dispute arose between the parties which culminated in the defendant requesting that the plaintiffs remove all the trees and shrubs which they planted in the right of way. He further avowed his intention to remove other trees and construct a proper roadway for purposes of using the right of way for vehicular travel. Thereupon this action ensued.
The court is aware of certain offers made by the plaintiffs to the defendant, including their offer to purchase the defendant’s *1033 property for a sum far in excess of the amount he expended in purchasing it. Moreover, the court is aware of the plaintiffs’ offer to construct, at their own expense, a suitable roadway for the defendant in another location. In fact, at the close of the evidence, plaintiffs’ counsel moved to amend the complaint so that the prayer for relief now requests not only an injunction against the defendant enjoining him from entering upon the plaintiffs’ land with a vehicle, but also that the court exercise its equitable jurisdiction by directing the re-location ■ of the right of way to that offered by the plaintiffs.
It should be noted that this court is construing an easement by grant and not an easement of necessity. Therefore, this court has no power to change the location of the easement by virtue of a change in circumstance. It was well stated in the case Gerbig v. Zumpano (7 N Y 2d 327) that an easement created by grant can only be extinguished by abandonment, conveyance, condemnation or adverse possession. It it not claimed that any of these events occurred in the instant case. Thus, it is this court’s opinion that it has no authority to direct a relocation of the easement.
In deciding whether an injunction should issue for either the defendant or the plaintiffs herein, this court must determine what rights existed between the parties under the easements granted in the conveyances of the properties in question. It is a cardinal rule in this State, that the extent of the rights under a granted right of way is determined by the terms of the grant, construed in accordance with the rules of construction applicable to easements generally. (Missionary Soc. of Salesian Congregation v. Evrotas, 256 N. Y. 86.) The terms of the grant have to be determined by the ordinary rules governing the construction of contracts and the court should read the whole contract in the light of the conditions surrounding its making. (Smith & Sons Carpet Co. v. Ball, 143 App. Div. 83.) While it is true that a grant of a way in general terms will ordinarily be construed as creating a general right of way capable of use for all reasonable purposes, the easement should still be read with the help of the conditions existing at the time it came into being. (Missionary Soc. of Salesian Congregation, supra.) Thus, in Herman v. Roberts (119 N. Y. 37) the court allowed the owner of the dominant estate to go upon the right of way and construct a road, since the court felt that the terms of the grant gave the owner of the easement not only a right to an unobstructed passage, but also the right necessary to the enjoyment of such right of passage. The court cited with approval, how *1034 ever, the doctrine set forth in Burnham v. Nevins (144 Mass. 88, 92) which said in effect that the extent of an easement must be determined by the true construction of the grant or reservation by which it is created but that this should be aided by any circumstances surrounding the estate and the parties which constitute a legitimate tendency to show the intention of the parties.
The grant of the easement to the defendant merely says that he has a right of way along and over a private highway extending from the public highway to and along the shore of South Pond as shown on a map. It then states that said private highway was being dedicated for highway purposes for all owners and occupants of any portion of the Bartlett Tract. At first reading it would seem that the defendant could use the right of way for any and all purposes for which a highway as such, could be used. It should be noted however that at the time the easement was granted to the defendant there was no such private highway. It merely existed on a filed map which map was filed some 37 years before the defendant took title. It is undisputed that the so-called private highway only extended 120 feet into and over the plaintiffs’ property. At that point, it then became a maze of woodland. Though the grant speaks of a private highway none in fact existed. Furthermore, the so-called private highway has never been dedicated for highway purposes. Huge trees, some older than the map to which the easement is referred, lie directly within the right of way. It would therefore seem that the defendant acquired no more than a right of passage to his property which the conditions existing at the time of the grant would permit. In other words, this court in the light of the surrounding circumstances construes the easement granted to the defendant as one for pedestrian traffic only. It is apparent from the circumstances that the defendant’s grantor was giving him exactly what he had at the time of the grant and that was the right to use the easement as it existed at that time. The June 19, 1953 deed to the plaintiffs defines the easement in different terms. That deed merely refers to the easement as a roadway. The June 17, 1953 deed however is confusing since it recites the extent of the right of way in two different paragraphs. The first description of the right of way is almost identical with the easement granted in the defendant’s deed. The true intent of the parties however is found in the second paragraph wherein the easement affecting the defendant and his property is described as being for pedestrian travel only. Thus, it is this court’s opinion that, in the *1035 light of-the circumstances surrounding the grant of the easement, or right of way, to the defendant, a right of way for pedestrian travel only was intended. (Wilson v. Ford, 148 App. Div. 307; Smith & Sons Carpet Co. v. Ball, supra; Board of Educ. Cent. School Dist. No. 3 v. Nielsen, 21 Misc 2d 368; Barca v. Ferguson, 283 App. Div. 743.)
Since this court determines that the right of way granted to the defendant is for pedestrian travel only, an injunction is granted to the plaintiffs against the defendant, enjoining and restraining him from constructing and building a roadway or removing any trees or shrubbery existing at the time the defendant acquired the right of way. Furthermore, an injunction is granted to the defendant ordering and compelling the plaintiffs to remove from the right of way any and all trees, shrubs or bushes planted by them from the time they acquired the property and allow the defendant a free access to the right of way for pedestrian travel.