◼ Louis Palostrada, Respondent, v Rosetta Modugno, Appellant.—In an action, *inter alia,* for permanent injunctive relief to abate interference with an easement of ingress and egress, the defendant appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), entered December 23, 1988, which denied her motion to vacate a judgment of the same court entered upon her default in appearing and answering.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, the court did not err by refusing to vacate the default judgment in favor of the plaintiff. Upon our review of the record, including the original court file which contains motion papers and affidavits of service which were omitted from the appellant's appendix, we are satisfied that she was in fact personally served with, among other things, the summons and complaint herein, and thus there is no basis to vacate the default judgment pursuant to CPLR 317.

Furthermore, we are in complete agreement with the court's determination that the appellant failed to advance a meritorious defense. Indeed, the record reveals quite clearly that the easement in question covers a common driveway shared by the residence of the plaintiff and the adjacent house owned, but apparently not occupied, by the defendant. The 1924 grant of the easement unambiguously describes it as one for ingress and egress along "the alley or strip between [the two buildings] * * * which easement shall exist as long as both buildings retain their present location and lines". Considering the language of the grant and the attendant facts and circumstances (see, *City of New York v Govin,* 80 App Div 618; *Board of Educ. v Nielsen,* 21 Misc 2d 368), and implying a reasonable use for the easement (see, *Missionary Socy. of Salesian Congregation v Evrotas,* 256 NY 86), we find that the

grant is adequately specific and not, as the appellant alleges, so ambiguous as to be ineffective.

We have reviewed the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Kooper, Miller and Ritter, JJ., concur.