ALEXANDER McMILLAN, Respondent, v. TIMOTHY C. CRONIN, Executor, etc., Appellant.

Where one having a right of way over the lands of another subject to gates, removes the gates, this does not work such an immediate and absolute forfeiture as to justify the use of force on the part of the latter to the extent of an assault and battery, to prevent the use of the way; a right to the possession does not justify the use of force in taking possession.

A right of way, whether by grant or prescription, carries with it, as incident thereto, a right to make necessary repairs and to remove all obstacles to its enjoyment.

*Capers v. McKee* (1 Strobhart, 164), distinguished.

(Submitted November 27, 1878; decided December 17, 1878.

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a verdict.

This action was for assault and battery, alleged to have been committed by Hollis Bruce, defendant's testator, who was the original defendant; he died after judgment and the present defendant was substituted.

Plaintiff's evidence was to the effect that he had a right of way from lands of his own over defendant's land to a highway, subject to gates, which right of way had been used for

over sixty years.   Plaintiff was engaged in making repairs upon this way ; he was digging a ditch and filling it with stone for the purpose of turning water from the middle of the way when he was ordered off by Bruce, and upon his refusal to leave, Bruce struck him with a cane.

Defendant's counsel offered to prove that the gates on this way were removed by plaintiff, stating that this evidence was offered for the purpose of showing that plaintiff had broken the condition upon which his right to the way depended, and therefore had lost his right to the use of the road, and that defendant's right to forbid plaintiff from using it thereby accrued.   This was objected to and excluded ; said counsel duly excepted.

Defendant's counsel asked the court to charge that if the jury believed that this way had never been worked before plaintiff had no right to work it and was wrongfully there for that purpose.   The court refused so to charge and said counsel duly excepted.   The verdict was for $150.

Further facts appear in the opinion.

*M. Fairchild*, for appellant.   An unrestricted right cannot be claimed by plaintiff under a limited usage of the way. (*Onthank* v. *Lake Shore, etc., R. R. Co.*, 16 Alb. L. J., 428; *Prentice* v. *Geiger*, 18 id., 237; 9 Hun, 350.)   The question whether plaintiff had a prescriptive right to the use of the way was one of fact.   (*Comstock* v. *Dodge*, 43 How. Pr., 97.) The right of private way claimed by plaintiff being established by user is governed entirely by the user.   (Washb. on Easemts., 20; *Corning* v. *Gould*, 16 Wend., 351; 3 Kent's Com. [7th ed.), 424, note *d*.)   Rights of way by prescription are *stricti juris*.   (3 Kent's Com. [7th ed.], 424, note 1; *Capers* v. *McKee*, 1 Strobh., 164; Washb. on Easemts., 72, 73; *Brooks* v. *Curtis*, 4 Lans., 283–285.)   The grantee of a right of private way may have the right to work it and keep it in repair if not restricted by the grant.   (Washb. on Easemts., 67; *Capers* v. *McKee*, 1 Strobh., 164; *Onthank* v. *Lake Shore R. R. Co.*, 16 Alb. L. J., 428.)

*S. W. Russell,* for respondent. The removal of the gates being an antecedent fact was not admissible to justify the assault. (*Parsons* v. *Brown,* 15 Barb., 590; *Hyatt* v. *Wood,* 3 J. R., 239; *Willis* v. *Forrest,* 2 Duer, 310.) Plaintiff had a right to make repairs to the road. (*Wynkoop* v. *Burger,* 12 J. R., 222; Washb. on Easemts., 254, 654; *Williams* v. *Safford,* 7 Barb., 309; *Prescott* v. *White,* 21 Pick., 344; *Taylor* v. *Whitehead,* 2 Doug., 744; *Pomfert* v. *Ricroft,* 1 Wm. Saund., 323, note 6.)

MILLER, J. There is no dispute as to the fact that the plaintiff had a right of way, which had been used as such for a period of sixty years, running from the public highway to the plaintiff's farm, and at the time of the assault and battery committed by the defendant upon him, the plaintiff and his two sons, with a team, were engaged in repairing such way. The right of the plaintiff to keep such way in repair would ordinarily follow as an incident to the easement and as necessary to the lawful enjoyment and use of the same.

The defendant insists that as the plaintiff's private way was over the defendant's land and subject to gates, the plaintiff by removing such gates had forfeited his right to use the way; and, upon the trial, offered to prove that the gates were removed by the plaintiff. While a right of way with gates restricts the use to that extent, I think that the removal of the gates does not work such an immediate and absolute forfeiture as to authorize and justify the use of force, to the extent of an assault and battery, to prevent the further use of the way. An action would lie for the trespass committed by the removal, if illegally made, or perhaps in equity, to enforce a forfeiture of the right: but there is no rule which authorizes the party over whose land the way passes, under the existing state of facts, to take the law in his own hands and violently prevent the use of the way, and thus assert and maintain his alleged rights. The position of the defendant, in this respect, cannot be upheld; and the

evidence offered, if introduced, would not have aided the defendant, or furnished any legal excuse or justification for the assault made by him upon the plaintiff.

It is further urged that the right of way of the plaintiff had never been worked before, and the plaintiff had no right to work it at the time he did ; that he was wrongfully there for that purpose, and the court was requested to charge the jury to that effect ; which request was refused and an exception taken. It is no doubt true that the extent of a right of way, established by user, must be controlled by the user; but the proof must clearly establish such user, for the purpose of depriving a party of the exercise of such right, in the usual and accustomed mode necessary for its enjoyment. The proof in this case falls far short of establishing that the right of way of the plaintiff consisted only of the privilege of passing across the defendant's land, without any privilege to repair or to keep the same in a condition suitable for the purpose for which it was designed. The only testimony on the subject is that of the defendant, who swears that he never saw a day's work done on it, nor did anybody else. While it may be true that no work was done in defendant's presence, it by no means follows that no work was ever done because he did not see it. But it is not material, I think, whether work had been done or otherwise. The very existence of a right of way precludes the idea that the party who has the right cannot repair or keep the way in order. Suppose the way should be partially impaired by a storm, or in some other manner become obstructed and impassable. Can it be claimed that there is no power to repair it and put it in order ? Clearly not ; for the right to repair is incident to the easement, and without it the way might become useless and of no benefit. Having the easement, carries with it the right to make necessary repairs : (Washb. on Ease., 654; *Prescott* v. *White*, 21 Pick., 341, and cases cited.) In fact, the grantee of a private way is bound to keep it in repair : (*Williams* v. *Safford*, 7 Barb., 309.) Although all rights by prescription are *stricti juris*, there is no rule of construc-

tion which holds that a right of way by grant or proscription of itself does not confer rights which authorize the owner to keep it in repair, and to remove all obstacles to its enjoyment.

At the time of the assault and battery, the plaintiff was engaged in making repairs, so as to turn the water, by means of a ditch filled with stone, from the middle of the road. It is not obvious that this could affect the rights, or cause any injury to the owner of the land adjoining ; and as one who had a right to the use of the way was in possession, it was clearly his privilege.

There was no error in the refusal to charge, that if the jury believed the testimony that this road had never been worked before, then the plaintiff had no right to work it, and was wrongfully there for that purpose. In the first place, there was no such proof ; and secondly, the plaintiff was in possession rightfully, and hence could not be there unlawfully ; and the defendant was not in possession. The most which the defendant could claim was that he had a *right* to the possession. This was not enough to justify the use of force in taking possession. (*Parsons* v. *Brown,* 15 Barb., 590; *Hyatt* v. *Wood,* 3 J. R., 239.) The case of *Capers* v. *McKee* (1 Strobhart, 164), relied upon by the defendant, is distinguishable from the case at bar, and has no application.

We have considered all the questions presented upon this appeal, and we are unable to discover any error committed upon the trial. Independent, however, of the questions considered, as it appears that the amount of the recovery was less than $500, we are of the opinion that within the decisions of this court no appeal lies ; and the same must therefore be dismissed, with costs.

All concur.

Appeal dismissed.