EDWARD MITCHELL, Respondent, *v.* ELIZABETH M. REID, Appellant.

REAL PROPERTY — EASEMENTS OF LIGHT AND AIR IN COURTYARD CREATED BY DEEDS — CONSTRUCTION OF DESCRIPTION AND COVENANTS OF SUCH DEEDS. Plaintiff is the owner of a lot fronting on Fiftieth street in the city of New York and extending back therefrom sixty-four feet eight inches. Defendant is the owner of a parcel of land bounding plaintiff's said lot on the west, and having a frontage on Fiftieth street of twenty-five feet, and also of another parcel of land lying westerly of and adjacent to said last-mentioned parcel, the two being used as a single lot. The common grantors of the parties by reservations and covenants in various deeds created an open courtyard on the rear of the said twenty-five-foot parcel owned by defendant, reserving to themselves and their grantees easements of light, air and prospect over the same. Plaintiff, being entitled to the benefits of such easements, brought this action claiming that he was entitled to light, air and prospect from every portion of said courtyard to every portion of his lot, and that, therefore, defendant could not erect a building on that portion of her lot lying in front of the courtyard, as such a building would obstruct the light, air and prospect from a portion of the courtyard to the front portion of his premises. *Held,* on a review and consideration of all the reservations and clauses

bearing on this subject, that this construction, which would substantially deprive defendant of any use of a valuable lot, would be unreasonable; that all plaintiff was entitled to was light, air and prospect over said court-yard to so much of his premises as lay directly opposite thereto.

*Mitchell* v. *Reid,* 118 App. Div. 641, modified.

(Argued April 20, 1908; decided May 26, 1908.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 19, 1907, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term, which restrained and enjoined the defendant from building on certain premises belonging to her.

The facts, so far as material, are stated in the opinion.

*Edward W. Hatch* for appellant. The construction of the defendant's deed urged by the plaintiff is plainly in violation of the well-established rule of law that a deed is to be most strictly construed against the grantor and the grantor shall not be presumed to derogate from his own grant. The defendant furthermore invokes the benefit of the correlative rule that so far as the extension by implication of an easement created by reservation is concerned the matter stands on principle in a position very different from an easement created by grant. ( *Wells* v. *Garbutt,* 132 N. Y. 430; *Jackson* v. *Gardner,* 8 Johns. 394; *Jackson* v. *Blodgett,* 16 Johns. 172; *Borst* v. *Empie,* 5 N. Y. 33; *Duryea* v. *Mayor, etc.,* 62 N. Y. 597; *Ives* v. *Van Auken,* 34 Barb. 566, *Grafton* v. *Moir,* 130 N. Y. 470; *Mason* v. *Thwing,* 94 App. Div. 77; *Johnston* v. *L. I. Inv. Co.,* 85 App. Div. 64; *E. L. Ins. Society* v. *Brennan,* 148 N. Y. 671.) The so-called reservations in the deeds to Mr. Holmes and to the defendant, under which reservations the plaintiff's rights, if any, arise, are without any legal effect or validity whatever. (*Hurd* v. *Curtis,* 7 Metc. 110; *Borst* v. *Empie,* 5 N. Y. 38; *Ives* v. *Van Auken,* 34 Barb. 566.)

*John M. Bowers* for respondent. The plaintiff, by the language of the deeds under which he and defendant took

title, had an easement of light, air and prospect over each and every part of the vacant lot, which is the subject-matter of this suit, necessary to permit access of light, air and prospect from the aforesaid courtyard to the plaintiff's residence. (*Rector, etc.*, v. *Mask*, 93 N. Y. 488; *Lattimer* v. *Livermore*, 72 N. Y. 174; *Andruss* v. *N. S. R. Co.*, 72 App. Div. 553; *Grafton* v. *Moir*, 130 N. Y. 465; *Johnston* v. *L. I. Inv. Co.*, 85 App. Div. 64; *Gay* v. *Walker*, 36 Me. 54; *Haggerty* v. *Lee*, 54 N. J. Law, 580; *Hurd* v. *Curtis*, 7 Metc. 110; *Bowen* v. *Conner*, 6 Cush. 132; *Koelle* v. *Knecht*, 99 Ill. 396; *Brown* v. *Meady*, 10 Me. 391.) The acts of the parties were entirely in accord with the plaintiff's contention. (*E. L. S. J. O. H.* v. *Buffalo H. A.*, 64 N. Y. 564; *Onthank* v. *L. S. & M. S. R. R. Co.*, 71 N. Y. 197; *Kingsland* v. *Mayor*, 45 Hun, 203; *Reed* v. *Proprietors*, 8 How. (U. S.) 274; *Mount* v. *Hambley*, 33 App. Div. 109; *Putzel* v. *Van Brunt*, 8 J. & S. 509.) Even if the reservation in the deed and the conveyance to Mitchell had not vested him with an easement in so much of that portion of "M" as was conveyed to the defendant as was essential to light, air and prospect to the whole of Mr. Mitchell's house, he would have taken by such conveyance, as an incident, easements over all of the vacant lot granted to the defendant necessary to enable the complete enjoyment of light, air and prospect from "O." (*R. E. L. Co.* v. *R. P. Co.*, 15 N. Y. Supp. 33; *Leonard* v. *Leonard*, 7 Allen, 277; *Grafton* v. *Moir*, 130 N. Y. 465; *White* v. *Hotel Co.*, 68 N. H. 38; *St. A. F. W. P. Co.* v. *City of Minneapolis*, 41 Minn. 270; *Fort* v. *Brown*, 46 Barb. 366; *Allen* v. *Scott*, 21 Pick. 25; *Fisk* v. *Brayman*, 21 R. I. 195; *Noble* v. *I. C. R. R. Co.*, 111 Ill. 437; *Dand* v. *Kingscote*, 6 M. & W. 174; *Goold* v. *G. W. D. C. Co.*, 12 L. T. Rep. 842.)

Hiscock, J. On and prior to May 16, 1883, one Villard was the owner of a plot of ground situate in the city of New York bounded on the north by 51st street; on the west by Madison avenue; on the south by 50th street and on the

east by a line running parallel with the easterly line of Madison avenue and about 175 feet distant therefrom. On the date mentioned he caused a survey of said premises to be made and later caused a map in accordance with said survey to be filed in the office of the registrar of the city and county of New York and of which map a copy, so far as material, is here inserted.

The defendant thereafter became the owner of a parcel of said land situate at the northeast corner of Madison avenue and Fiftieth street, described as follows : Beginning at the northeast corner of Madison avenue and 50th street and running thence easterly along the northerly line of 50th street 125

feet; thence northerly and parallel with Madison avenue 64 feet and 8 inches; thence westerly on a line parallel with 50th street 25 feet; thence northerly on a line parallel with Madison avenue 6 feet; thence westerly on a line parallel with 50th street 26 feet and 10 inches; thence southerly along the easterly line of a courtyard and on a line parallel with Madison avenue 10 feet 8 inches; thence westerly on a line parallel with 50th street 73 feet 2 inches to Madison avenue; thence southerly along Madison avenue 60 feet to the place of beginning. This parcel embraces parcels marked on the map A, O, P, part of N and part of M. Parcel A was and is covered by a dwelling house erected by Villard in or about the year 1883, which at all times has had windows on the easterly side overlooking parcel O and not elsewhere, and on said side overlooking parcel P openings for fireplaces and building beams.

The plaintiff after such conveyance became and still is the owner of a parcel of land adjoining on the east those conveyed to the defendant as above stated, having a frontage on 50th street of 30 feet and bounded by parallel lines extending northerly from and at right angles with said street 64 feet 8 inches, and which premises include part of those indicated on said map by the letter M and part of those indicated on said map by the letter N, and this parcel has upon it a dwelling house.

The controversy between the parties relates to the extent of certain easements of prospect, air and light which the plaintiff has obtained over the parcel marked O, which is a courtyard. It especially involves a claim of right on his part to restrain defendant from erecting any building on her premises which would obstruct prospect, light or air over every part of O to any portion of plaintiff's premises, whether directly opposite said courtyard or lying south of its line.

The consideration and solution of this controversy, in which thus far plaintiff's claims have been sustained, leads to a somewhat detailed summary of various conveyances, by which the rights of the parties must be measured.

In December, 1883, Villard and his wife executed to one Holmes a conveyance of premises which were part of the large block of land first mentioned, and which were described as follows: Beginning at a point in the center line of the block bounded northerly by Fifty-first street, easterly by Fourth avenue, southerly by Fiftieth street and westerly by Madison avenue, distant 73 feet and 2 inches eastwardly from the easterly line of Madison avenue, and running thence eastwardly along the center line of said block through the center of a party wall for a part of the distance, 101 feet and 10 inches; thence southwardly and parallel with Madison avenue 35 feet and 9 inches; thence westwardly and parallel with said center line of said block 75 feet; thence northwardly parallel with Madison avenue through the center of a party wall 6 feet; thence westwardly parallel with said center line of said block and through the center of a party wall 26 feet and 10 inches, and thence northwardly parallel with Madison avenue 29 feet and 9 inches to the point or place of beginning. Said premises are indicated on the map by the letter L, and they adjoin on the north part of the premises owned by plaintiff and defendant already referred to. Said deed conveyed " also a perpetual right and easement of light, air, prospect, ingress and egress upon, over and across a certain parcel of land and courtyard adjoining and south of the premises hereby conveyed and described as follows: Beginning at a point distant one hundred and one (101) feet eastwardly from the easterly line of Madison avenue and sixty-four (64) feet and eight inches northerly from the northerly line of Fiftieth street and running thence southwardly and parallel with Madison avenue thirty-five (35) feet; thence eastwardly and at right angles with the last described line seventeen (17) feet and nine (9) inches; thence northwardly and parallel with Madison avenue thirty-five (35) feet and thence westwardly seventeen (17) feet and nine (9) inches to the place of beginning," and which premises constitute the parcel already referred to and indicated on the map by the letter O. It also conveyed easements of light and

air over a small parcel eighteen feet and nine inches by ten feet adjoining O on the east and indicated by the letter N. It also conveyed a right of way and passage five feet in width and seven feet in height above the level of the sidewalk in Fiftieth street, the westerly line of said right of way being 101 feet easterly from and parallel with the easterly line of Madison avenue and which right of way extends over the parcel marked P. It also in effect limited the easements over N by reserving the right to erect a building thereon of one story.

Thereafter said Villard and his wife made a conveyance of premises herein involved to trustees and on January 28, 1884, said Villard and his wife and said trustees executed another deed to said Holmes for the purpose of perfecting and more completely carrying out the purposes intended to be accomplished by the first conveyance just referred to. Said second conveyance conveyed and confirmed to said Holmes a "perpetual full unrestricted sole and exclusive easement and right of way, passage, ingress and egress over and upon said parcel of land designated on said map or survey by the letter O * * * and every part and parcel thereof, free from the use, control and interference of any person or persons whomsoever, but reserving to the owners of parcels A and M on said map or survey (already referred to), adjoining said parcel O on the easterly and westerly sides thereof, easements of light, air, and prospect from and over the same, as in said deed of conveyance to the party of the third part (Holmes) the same are mentioned or reserved." The grantors at this time were the owners of said premises A and M, and thereafter the premises now owned by plaintiff and defendant were conveyed to. Mrs. Villard, subject to various conditions, reservations, etc., referred to.

In November, 1886, the latter and her husband conveyed to the defendant the premises now belonging to her and already described. Said conveyance contained a clause "reserving herefrom to the owners of the remaining portion of the parcel of land designated by the letter 'M' on the certain map of the property of Henry Villard * * *

(and which portion included the premises subsequently conveyed to and now owned by the plaintiff), the reservations contained and mentioned in the deed of said Henry Villard and others to Artemas H. Holmes  *  *  *  in relation to the parcel of land designated by the letter ' O ' on said map.' The habendum clause in said conveyance likewise made the same subject to the easements, covenants and privileges expressed in the deed from Villard and wife to Holmes in respect to parcels N, O and P.

In May, 1887, said Mrs. Villard and her husband conveyed to plaintiff the premises, being part of said parcel M already referred to, and which conveyance expressly included "all the privileges, rights and easements of light, air and prospect over the parcel of land to the west of that above described (in the deed then being executed), namely, a parcel 25 feet in width on 50th Street and in the rear, and 64 feet 8 inches in depth on each side, which the parties of the first part or either of them have," and which last described parcel includes that portion of defendant's premises especially subject to defendant's claims.

Basing his claim on the various conveyances, grants and reservations referred to, the plaintiff asserts, as already stated, that he is entitled at every point of his premises to easements of light, air and prospect from and over the courtyard O. The practical effect of this claim is that defendant shall not be allowed, and in fact by the present judgment has been forbidden, to construct any building upon the premises owned by her between any portion of said parcel O and any portion of parcel M now owned by plaintiff. This, again, means that she not only may not construct any building on that narrow strip of her premises lying directly east of parcel O, but that she may not build on all that portion 25 feet wide lying southerly of parcel O and northerly of a line drawn diagonally from the southwesterly corner of parcel O to the southwesterly corner of plaintiff's premises. In fact, the only portion of the premises lying easterly of her house, which she may utilize for building purposes under this claim and

judgment, will be a small triangular piece lying southerly of a diagonal line drawn from the corner of parcel O to the corner of plaintiff's premises, as just described.

It appears that this parcel owned by defendant lying between parcel A and plaintiff's premises, is assessed at a large amount and defendant is compelled to pay taxes on this assessment, while on plaintiff's theory she will have only a very qualified and limited right of enjoyment of the premises thus taxed. It is at once apparent from this and from other facts that the easements and rights claimed by the plaintiff, if sustained and established, constitute a very serious burden upon defendant's property and a very serious impairment of her right of enjoyment thereof.

As already appears, plaintiff's rights as between him and defendant, are measured by a reservation to his grantors in the deed to defendant of " the reservations contained and mentioned in the deed   *   *   *   of Henry Villard and others to Artemas H. Holmes   *   *   *   in relation to the parcel of land designated by the letter O." Said deed of Villard and others reserves " to the owners of parcels A and M   *   *   * adjoining said parcel O on the easterly and westerly side thereof easements of light, air and prospect from and over the same as in said deed of conveyance to the party of the third part (Holmes) the same are mentioned or reserved." Said deed of conveyance last referred to as the final measure of the rights of the parties grants " a perpetual right and easement of light, air, prospect, ingress and egress upon, over and across " said parcel O.

This language is not so explicit as it well might be, but we are to bear in mind in this controversy that if there is any doubt or uncertainty about its meaning or about the extent of the rights reserved to plaintiff's grantors as against this defendant, such doubts and uncertainties are to be resolved in favor of the defendant. (Reeves on Real Property, page 175, § 141; *Wells* v. *Garbutt*, 132 N. Y. 430; *Jackson* v. *Gardner*, 8 Johns. 394; *Borst* v. *Empie*, 5 N. Y. 33; *Grafton* v. *Moir*, 130 N. Y. 465.)

Guided by this principle, we do not think that we should construe the various clauses and reservations referred to by plaintiff as securing to him any such rights as he claims. The issue is a narrow one and there is not much necessity, even if opportunity, for amplifying arguments demonstrating that plaintiff's claims lead to very burdensome limitations on defendant's enjoyment of her property, which we cannot believe were contemplated or intended by the parties. We can at once see that the maintenance of this courtyard O and the preservation of the rights of prospect, light and air to so much of plaintiff's premises as are directly opposite to it are both beneficial and reasonable. The rear portion of his house and premises otherwise would be largely deprived of light and air, and it was entirely natural that this deficiency should be supplied by the maintenance of a courtyard. This argument, however, does not apply to the front portion of the premises. Those are adjacent to the street and are well secured in the rights and privileges mentioned. It does not seem to us at all probable that the parties intended that this front portion of plaintiff's premises bordering on the street and thus supplied with prospect, light and air should also be secured in further similar easements from the courtyard O at an expense to defendant of a practical loss of enjoyment of her premises. We do not believe that either she or her grantors ever contemplated any such situation or that it would be reasonable and equitable to adopt a construction which would impose upon her such a limitation of her rights without language much more explicitly and plainly establishing the same than that found in the conveyances submitted to us.

Aside from this process of general reasoning which may be applied to the situation there are two specific circumstances which seem to us to indicate strongly that the Villards did not intend to reserve for the benefit of the premises now owned by plaintiff any such extensive easements as he claims over defendant's premises.

The house erected by the Villards on parcel A at all times had windows facing on the courtyard O, which concededly

was to be kept open, and not windows facing on the premises south of this courtyard which plaintiff says must be kept open, but instead of windows, openings of a different character which indicated an intent to build where it is now urged defendant is prohibited from building.

Again, the reservations of prospect, light and air to plaintiff's premises from and over O are measured by reference to those granted to Holmes. As we have already said, the language used is not very apt at best, but it has been assumed that the final test of plaintiff's rights is obtained by reference to those secured to Holmes. The reservation in the second deed to Holmes in favor of the owners of the parcels A and M is of "easements of light, air and prospect over the same (O) as in said deed of conveyance to the party of the third part (Holmes) the same are mentioned or reserved." In the deed to Holmes thus referred to, after granting to him easements of air, light and prospect over O, the grantors further convey to him easements of light and air over the parcel N. Practically all of this parcel N lies within a diagonal line drawn from the southeast corner of O to the southeast corner of the premises being conveyed. It lies within the line of prospect, air and light from and over O to certain portions of the premises being conveyed to Holmes. If the plaintiff's construction of the various deeds is correct and they secure an unobstructed right of prospect, air and light to every portion of the benefited premises from every portion of O, what was the object of giving specifically easements to Holmes over N which, on plaintiff's theory, were included in and protected by the easements already granted over O? On the other hand, if the easements over O extended to and were for the benefit of only so much of the premises being conveyed as directly adjoined O, we can readily understand why the additional easements over N were granted.

The conclusion from these views is that the judgment appealed from is erroneous and that defendant should be enjoined and restrained from building only on so much of her premises as lie between parcel O and that portion of plain-

tiff's premises easterly of and directly opposite thereto. This includes a restriction upon the right of defendant to build upon that portion of parcel N owned by her, for we think that a building of even limited height at that point lying between the courtyard and plaintiff's premises would be an unwarrantable interference with the easements reserved and secured to the latter. While again we are impressed that the method of determining the plaintiff's rights by reference and comparison are cumbersome and unsatisfactory, we do not believe that the right of building on N which was reserved to Holmes' grantors as a limitation of the easements granted to him over said parcel operates as a limitation on the easements reserved to plaintiff's premises from and over the courtyard O.

The judgment appealed from should be modified so as to restrain defendant only from erecting any building or structure on so much of her premises as lie northerly of the southerly boundary of O when continued parallel with 50th street to plaintiff's premises which will interfere with plaintiff's rights of prospect, air and light from and over said courtyard and not otherwise, and as so modified said judgment should be affirmed, without costs in this court to either party.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment accordingly.