(161 App. Div. 91)

## BLYDENBURGH v. ELY.

(Supreme Court, Appellate Division, Second Department.    March 6, 1914.)

1. EASEMENTS (§ 58*)—RIGHT OF WAY—GATES.

Many trespassers having used the passage over defendant's land, right of way over which was reserved to plaintiff, and cattle being at times turned out on the land, it is in the court's discretion to permit defendant to maintain gates at its termini.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 121–127; Dec. Dig. § 58.*]

2. APPEAL AND ERROR (§ 888*)—AMENDMENTS AND FINDINGS ON APPEAL.

Even if the Appellate Division may, under Code Civ. Proc. § 1317, on appeal, amend the complaint and make findings accordingly on the evidence, it should not; the evidence having gotten in over objection of defendant, and he not being required to meet evidence not within the issues.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3617–3619; Dec. Dig. § 888.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. EASEMENTS (§ 30*)—RIGHT OF WAY—ABANDONMENT.

An abandonment of W.'s right of way over another's land is not necessarily shown by W., who was keeping cattle on his land, nailing wires on his boundary line, across the passageway, to prevent the escape of his cattle.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 77–79; Dec. Dig. § 30.*]

4. EASEMENTS (§ 58*)—RIGHT OF WAY—LOCKED GATES.

Defendant, over whose land plaintiff has a right of passage, reserved by deed, has no right to maintain locks on gates at the termini of the passage, though furnishing plaintiff with a key.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 121–127; Dec. Dig. § 58.*]

5. COSTS (§ 13*)—EQUITABLE ACTIONS.

The action being in equity, neither party is entitled to costs as matter of right.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 21, 25; Dec. Dig. § 13.*]

Appeal from Trial Term, Suffolk County.

Action by Morgan B. Blydenburgh against James R. Ely. From the judgment, both parties appeal. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Rowland Miles, of Northport (Harold N. Eldridge, of Northport, on the brief), for plaintiff.

Charles D. Miller, of New York City (Ethelbert I. Low, of New York City, on the brief), for defendant.

CARR, J. This is an appeal from a final judgment in an equity action, tried in the Supreme Court in Suffolk county. There are cross-appeals. The plaintiff brought the action to establish a certain right of way in his favor across lands owned by the defendant. The complaint sets forth two causes of action. The first cause of action sets up the existence of a right of way over certain described lands of the defendant as arising from a deed made and delivered in 1842 by one who was then the common source of title. It alleges an obstruction of this right of way by the defendant in violation of the plaintiff's right. The second cause of action sets up a right of way in the plaintiff over the same means of passage, which is described in the first cause of action, but bases the plaintiff's claim of right upon adverse user and possession. The trial court found that the plaintiff was entitled to a right of way under a reservation made in the deed of 1842. This reservation appears in that deed in language as follows:

"Reserving to the said party of the first part his heirs and assigns the 'privilege' of passing and repassing through the above-described premises on the plain roads running through the same with the appurtenances and all estate, title and interest of the said party of the first part therein."

The trial court dismissed the second cause of action, namely, the one in which the right of way was alleged to have arisen also by adverse user and possession. In this it was right, as I think.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] In granting relief to the plaintiff, as to the right of way described in the first cause of action, the trial court permitted the maintenance of gates, at the termini of this right of way, by the defendant, but provided that these gates should be "unlocked gates." At the time this action was brought, the defendant maintained gates at the termini, but locked them. He offered keys of these gates to the plaintiff "without prejudice," but the plaintiff declined to receive them on this or any other terms. The plaintiff on this appeal complains that the trial court should not have permitted the maintenance by the defendant of any kind of gates at the termini of the right of way described in the first cause of action of his complaint, and he insists that it was error to do so. I think that this ground of appeal is without merit. The plaintiff's right of passage must be enforced, but it must also be enforced in such manner as will give him a reasonably full enjoyment of his right and at the same time cause no undue burden upon the defendant in the beneficial use of his land. It appears in the testimony, and was found by the trial court, that many trespassers had used this passage from time to time, and that it ran through woodland in which at times cattle were turned out. It likewise appears that at various times, since 1842, gates were maintained over this passage, although in the course of years some of these gates had fallen into decay. Although the plaintiff had owned his land since 1902, he seems not to have been aware that he had any right of passage over the defendant's land until some time in 1911. I am of opinion that the disposition of this question by the trial court was reasonable and within its discretion, and I do not recommend any interference with it.

[2] The plaintiff complains further as to that part of the judgment which dismissed his second cause of action. He contends that it was his intention, in the complaint, to claim adverse possession of a right or rights of way which included the right of passage set up in the first cause of action, and of others in addition, and that he offered proof at the trial to sustain his claim of adverse possession to the right of passage referred to in the first cause of action, and, in addition, to further rights of passage in other directions. In so far as the proofs went to any other right of passage, they were objected to by the defendant as not having been pleaded; but the objection was overruled. When the case was finally submitted to the trial court, it, on viewing the whole record, found that neither in the first nor second cause of action was there any pleaded claim for any other right of passage than that which arose from the deed of 1842, and hence, and for other reasons, it dismissed the second cause of action. The plaintiff-appellant contends that this was error, and that the complaint should have been so amended to conform with the proofs as to entitle him to judgment in his favor for all the rights of passage which he says he now has, notwithstanding his omission to plead them. There is nothing in the record that shows that the plaintiff ever moved at the trial to amend his complaint, as to the second cause of action, to conform to the proofs which he had offered and which were allowed to remain in the case notwithstanding the objections of the defendant. He argues that, under section 1317 of the Code, we may now permit an amendment of the

second cause of action and make findings accordingly on the evidence in the case. If we can do this, I think we should not attempt it, for the evidence on which we might base these additional findings, after a proper amendment was allowed, got into the case and remained in it over the objection of the defendant, and furthermore the defendant, while he could, was not obliged to introduce evidence to controvert other evidence not properly within the issues.

[3] The defendant complains of the judgment, on the ground that the trial court should have found that the right of way created by the deed of 1842 had been abandoned in the course of time by some of the plaintiff's predecessors in title. The trial court was requested to make such a finding, and refused. This finding could be based only on some evidence offered by the defendant, to the effect that one Wooley, a predecessor in title of the plaintiff, had run two strands of barbed-wire on his boundary line, which the right of way crossed. These wires were nailed to trees, and, at the time they were put up, Wooley was keeping some cattle on his land. It would seem to be the obvious purpose of this temporary inclosure to prevent Wooley's cattle from straying, and the trial court refused to find that it was also in further-ance of an intention to abandon any right of passage that Wooley had over the defendant's land. I think we should not be justified in inter-fering with the determination of the trial court on this question.

[4] The second ground of the defendant's attack upon the judgment is that, in any event, the defendant should have been allowed to main-tain locked gates at the termini of this place of passage, providing he furnished the plaintiff with keys to said gates. Here, again, I see no reason for interfering with the decision of the trial court. Neither party to this action would seem to be satisfied with a reasonable modus vivendi. There is a seeming, but not a real, conflict of precedents on this point. The lands in this locality are not now situated as purely agricultural holdings. In a few years they will be held in small parcels, for the development of Long Island lands is in the direction of rural homes and not in that of agricultural holdings. A locked gate might be no serious incumbrance upon plaintiff's right of passage; but, if he has the right of passage, it cannot be burdened with the obligation of carrying a key whenever he seeks to enjoy it.

[5] The trial court awarded costs to neither party. As the action was one in equity, neither party was entitled to costs as a matter of right, and, while the plaintiff-appellant complains of the failure to award to him costs, I am not inclined to recommend a modification of the judgment on this ground.

The judgment should be affirmed, without costs. All concur.