The Missionary Society of the Salésian Congregation, Respondent, v. Adam Evrotas, Appellant.

Second Department, May 5, 1930.

*William A. Davidson,* for the appellant.

*Richard Leo Fallon,* for the respondent.

Per Curiam. Le Fevre's lane, in the city of New Rochelle, runs south from the Boston Post road to the land of the plaintiff, which stretches from the lane to Long Island sound. The plaintiff and the defendant, in common with other adjacent property owners, are entitled to " the free and unobstructed use " of the lane " for passage of horses and vehicles of every kind and for all other lawful purposes." The defendant, in common with other owners, has a similar easement in plaintiff's land between the lane and the sound. The defendant is the owner of a dock situate at the southerly end of plaintiff's property, his ownership being subject

to its use by plaintiff and others for passage between the mainland and the waters of Long Island sound. Defendant is also the owner of the property known as Clifford's island, which lies to the south of plaintiff's land and is connected with the mainland by a foot-bridge. On this island defendant has erected a number of bunga-lows, all of which are occupied in summer, and some throughout the year.

Several of the tenants of defendant's bungalows, under claim of permission from defendant, use the plaintiff's land and the bed of the lane itself for the purpose of parking automobiles. The defend-ant, as a claimed incident to this right of way over plaintiff's land, has erected thereon a wooden sidewalk. Also as a claimed incident to the use, he has, for the purpose of laying water pipes for the benefit of his tenants on the land, caused a trench to be dug in the lane the fee of which is in the plaintiff. Defendant also uses the dock, of which he is the owner and in the use of which the plaintiff has an easement, for the parking of automobiles and the deposit of garbage cans, rubbish and other material pending its removal by the authorities.

The Special Term correctly held that defendant was without right (1) in digging on plaintiff's land or in the lane, (2) in placing and maintaining a board walk, and (3) in using the lane or the land for parking purposes. While the owner or co-owner of a right of way may make all necessary repairs and remove all obstacles that interfere with his enjoyment of the easement (*McMil-lan* v. *Cronin*, 75 N. Y. 474), he has not the right to erect permanent structures thereon.

The Special Term, however, erred in holding that plaintiff was entitled to erect and keep locked a gate at the junction of his land with Le Fevre's lane provided he furnish defendant with a key. " A locked gate might be no serious incumbrance upon plaintiff's right of passage, but if he has the right of passage, it cannot be burdened with the obligation of carrying a key whenever he seeks to enjoy it." (*Blydenburgh* v. *Ely*, 161 App. Div. 91 [2d Dept.]; affd., 220 N. Y. 641.)

Since the dock is defendant's property, the court erred in holding that defendant was without right in parking cars and leaving rubbish on the dock, or in erecting a fire hydrant thereon. The dock being the property of defendant, he had the right to do all these things so long as they do not interfere with the enjoyment of the easement.

Defendant was not required to obtain from plaintiff permission, equivalent to a license, to do these things as provided in the 2d and 3d paragraphs of item 12 of the judgment.

The last paragraph of the judgment reads: " Plaintiff having consented that defendant may dig a trench in Le Fevre's Lane and on plaintiff's land which is a continuation thereof for the purpose of laying a two-inch water main and may also construct a fire hydrant on the dock and connect the same with the water main running through property to the west of said dock, such digging shall not be construed a violation of the provisions of the order of November 22, 1926, but such permission shall be construed as a license only and shall carry no prescriptive rights, and such license may be revoked by a Court of Equity at any time as set forth in the preceding paragraphs."

In so far as plaintiff's own land is concerned, plaintiff may consent to the digging of a trench and the laying of water mains. As copossessor with defendant and others of the right of way in the lane, it can give only such consent to the extent of its rights.

The judgment should be modified to conform to the views herein expressed, and as so modified affirmed, with costs to respondent. Findings of fact and conclusions of law inconsistent with such views will be reversed and new findings and conclusions will be made.

Present — LAZANSKY, P. J., RICH, KAPPER, HAGARTY and SCUDDER, JJ.

Judgment modified to conform to the views expressed in opinion, and as so modified unanimously affirmed, with costs to respondent. Findings of fact and conclusions of law inconsistent with such views will be reversed and new findings and conclusions will be made. Settle order on notice.