THE MISSIONARY SOCIETY OF THE SALESIAN CONGREGATION, Respondent, v. ADAM EVROTAS, Appellant.

87

(Argued February 19, 1931; decided March 24, 1931.)

*William A. Davidson* for appellant. The easement in the lane is not limited to mere passage over the surface of the soil. (*New York Central & H. R. R. R. Co.* v. *Schatta-muc Yacht & Canoe Club*, 57 Misc. Rep. 482; *Blackman* v. *Striker*, 142 N. Y. 555; *Mitchell* v. *Reid*, 192 N. Y. 263; *Wells* v. *Garbutt*, 132 N. Y. 430.) The injunction if warranted at all is improperly drawn and too sweeping in its terms. (*Herman* v. *Roberts*, 119 N. Y. 37; *McMillan* v. *Cronin*, 75 N. Y. 474.) The defendant has the right to maintain a board walk on the lane. (*Herman* v. *Roberts*, 119 N. Y. 37.) The maintenance of gates across the private road is a violation of defendant's rights and the injunction in this respect is improper. (*Hanrahan* v. *Terminal Station Comm.*, 206 N. Y. 494; 33 C. J. 1097.)

*Richard Leo Fallon* for respondent. The judgment properly fixes the rights of defendant in the right of way. (*Olin* v. *Kingsbury*, 181 App. Div. 348; *Ogden* v. *Jennings*, 62 N. Y. 526; *Bremer* v. *Manhattan Ry. Co.*, 191 N. Y. 333; *Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Smith & Sons Carpet Co.* v. *Ball*, 143 App. Div. 83;

*Brill* v. *Brill*, 108 N. Y. 511; *Peabody* v. *Chandler*, 42 App. Div. 386.)

O'BRIEN, J. Defendant owns Clifford Island situated in Long Island Sound in the city of New Rochelle. On this property consisting of ten acres he leases plots as sites for bungalows and he has more than seventy-five tenants. The island is connected by a footbridge with a dock owned by him on the mainland. The only access to the dock and the island from any highway is by a right of way extending in a southerly direction from the Boston Post Road over a private lane and thence over land owned by plaintiff. It is thirty-five feet wide and is described in various deeds as " a right of way over a certain private road or lane known as LeFevre's Lane and a continuation thereof extending from the Boston Road or Main Street to the shore of Long Island Sound * * * with the right to the free and unobstructed use of the said private road or lane from the said Boston Road or Main Street to the shore of Long Island Sound, aforesaid, for passage of horses and vehicles of every kind and for all other lawful purposes in common with the owners of the said lands late of Julia A. T. Stephenson and John Stephenson adjoining said road or lane." The complaint alleges and the evidence supports the allegations that defendant's tenants have parked automobiles on the right of way and that defendant has caused a wooden walk to be erected and has dug a trench and laid water pipes therein. For relief it demands that defendant be restrained from using the way for any purpose except for ingress and egress and from parking automobiles thereon and that he be required to remove the walk and the pipes. The answer alleges and the evidence supports the allegations that for some years past a small pipe had existed along the right of way supplying defendant's island with water, that it had become rusted and broken and that defendant had dug a trench and endeavored to lay a new water line. It also alleges that the land is

rough and rocky and that defendant has endeavored to repair and grade it but that plaintiff has interfered with his attempt. The Appellate Division reversing certain findings and conclusions and making new ones, has decreed that plaintiff, as owner of the fee of the land lying south of LeFevre's Lane, is entitled to erect a gate to remain unlocked across the northern boundary of its property, provided it does not interfere with the free and unobstructed use of defendant's right of way, that defendant be enjoined from digging or excavating on any part of the right of way and he and his tenants be enjoined from parking automobiles thereon. Nevertheless, after reciting the fact that plaintiff has stipulated that defendant may dig a trench for the purpose of laying a two-inch water pipe, the judgment decrees that plaintiff's permission to defendant shall be construed as a license only, that it shall carry no prescriptive rights and that such license may be revoked by a court of equity at any time and that the court shall determine the time and manner in which such license shall be deemed revoked. Even this revocable license, as so decreed, is limited to plaintiff's land and under the judgment does not operate within the boundaries of LeFevre's Lane.

The grant to defendant and his predecessors is unusually broad. Certainly it confers far more extensive rights than those of mere ingress and egress. It differs from the easement in *Grafton* v. *Moir* (130 N. Y. 465) where the right of way was not " for all  *  *  *  purposes " but merely for convenient access. By its language the grantee is entitled not only to a right of way but one which carries with it a free and unobstructed use of the described land for passage of horses and vehicles of every kind and " for all other lawful purposes " in common with the owners of other abutting lands. When the terms of a grant are doubtful, the grantee may take the language most strongly in his favor. (*Wells* v. *Garbutt*, 132 N. Y. 430, 435; *Mitchell* v. *Reid*, 192 N. Y. 255, 263.) Being in general

terms, it must be construed to include any reasonable use to which the land may be devoted. (Jones, Law of Easements, § 374; *Abbott* v. *Butler*, 59 N. H. 317.) The only limitation is that all the uses must be lawful. A right of way subject to gates, as in *McMillan* v. *Cronin* (75 N. Y. 474), is restrictive, but here the use granted is free and unobstructed. The erection of a gate, even if kept unlocked, to some extent interferes with and obstructs defendant's right of passage and is inconsistent with the grant. The judgment does indeed provide that the gate shall not interfere with defendant's free and unobstructed use of his right of way, but such a provision is too vague and is harmful in the sense that it may prove productive of much litigation. The only kind of gate which can fail to interfere with defendant's right is one which not only remains unlocked but which is perpetually kept open. Such a gate is useless for any purpose. Particularly is this provision unnecessary in this case for the property does not consist of farm land, and unlike the premises which were the subject of litigation in *Brill* v. *Brill* (108 N. Y. 511) and *Blydenburgh* v. *Ely* (161 App. Div. 91; affd., 220 N. Y. 641), cattle are not kept thereon. No part of the premises is used for pasture.

In other respects, the judgment against defendant is too sweeping. Particularly is this true in respect to that part which restrains him, as matter of right, from digging or excavating. It is correspondingly too narrow in according him a privilege only by way of a revocable license to lay water pipes. Even if defendant's easement were to be construed as no broader than a right of passage, he would be entitled to break up the soil, level irregularities, fill up depressions, blast rocks and not only remove impediments but supply deficiencies in order to construct a suitable road. (*Herman* v. *Roberts*, 119 N. Y. 37, 42; *McMillan* v. *Cronin, supra*.) In so far as such operations would not interfere with the rights of the other abutting owners his actions would not proceed beyond

the intent of the grant. His right to use the land for the passage of vehicles cannot be regarded as free and unobstructed if he be obliged to refrain from putting it in a reasonably convenient condition for such a use. We think, moreover, that the phrase " for all other lawful purposes " compels an extension of defendant's right beyond the limits of ordinary passage by horses and vehicles of all kinds. Pedestrians also may travel upon it (*Arnold* v. *Fee*, 148 N. Y. 214; *Gillespie* v. *Weinberg*, 148 N. Y. 238) and for their accommodation defendant may build a sidewalk. Automobiles belonging to defendant and his tenants may be parked at reasonable times and in such a manner as not to interfere with the other holders of the easement. The comprehensive language of the grant is such as to carry the necessary implication that, as an incident to the connection of this island with a public highway, the right to communicate by every means not forbidden by law or unreasonably interfering with the rights of adjoining landowners was conferred upon the grantee. The laying of water pipes is a lawful purpose and reasonably incidental to the use of a way. (*Thompson* v. *Orange & Rockland Elec. Co.*, 254 N. Y. 366, 369.) When a use for all lawful purposes is granted and when the grantee is unable to distribute water to his isolated property except over this strip of land, a requirement that he must purchase that right from the owners of land lying further to the west seems entirely unreasonable. For several years defendant has maintained a water pipe and a sidewalk and has temporarily parked automobiles and evidence of the use made of this right of way is evidence of the extent of the right but not of its existence. (*Rexford* v. *Marquis*, 7 Lans. 249.)

The judgment should be modified in accordance with this opinion and as so modified affirmed, with costs to the appellant.

CARDOZO, Ch. J., CRANE, LEHMAN and KELLOGG, JJ., concur; POUND and HUBBS, JJ., not sitting.

Judgment accordingly.